CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 5:05CR00019 |
| | ) (CASE NO. 5:11CV80371) |
| | ) |
| vs. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| MARK JAMES KONSAVICH, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Mark James Konsavich, a federal inmate proceeding pro se, filed this motion to vacate,

set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and

court records, the court concludes that the § 2255 motion must be dismissed as successive.

This court may consider a second or successive § 2255 motion only upon specific

certification from the United States Court of Appeals for the Fourth Circuit that the claims in the

motion meet certain criteria. See § 2255(h). Court records indicate that defendant previously

filed a § 2255 motion concerning this same conviction and sentence, United States v.

Konsavich, Case No. 5:08CV80100 (W.D. Va. June 16, 2009), appeal dismissed, 361 Fed.

App'x 474 (4th Cir. Jan. 19, 2010). As the defendant offers no indication that he has obtained

certification from the court of appeals to file a second or successive § 2255 motion, the court

must dismiss his current action without prejudice.

Konsavich argues that his current submission is not a successive § 2255 motion, because

he is merely asking the court to rule on an issue raised in his initial § 2255 that the court

neglected to address on the merits. He identifies two such claims, namely, (1) his claim that the

government wrongfully used his "post-arrest Mirandized statement" and his "post-arrest proffer"

against him at trial; and (2) his claim that his conspiracy conviction should be reversed based on the court's inconsistent findings about his involvement in the conspiracy.

To the extent Konsavich raised these two claims in his initial § 2255 motion,[1] however, the court was procedurally barred from addressing either of them on the merits. Since Konsavich clearly knew the facts related to such claims at the time of trial or sentencing, he should have raised the issues during such proceedings and/or on direct appeal. Konsavich's failure to develop the issue on appeal left him procedurally barred from having them addressed on the merits in a § 2255 motion, absent a showing of cause and prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998). The court expressly found that Konsavich, in his initial § 2255 motion, failed to make either of these possible showings so as to circumvent his procedural default of any claims of trial error and prosecutorial misconduct not raised at trial or on appeal. (Mem. Op. 18-19, June 19, 2009.)

Moreover, Konsavich previously claimed, in a motion to reconsider the dismissal of his initial § 2255 action, that the court had failed to address certain claims on the merits. (ECF No. 173.) The court denied this motion as untimely under Fed. R. Civ. P. 60(b), construed the motion as a successive § 2255 motion, pursuant to United States v. Winestock, 340 F.3d 200 (4th

---

[1] In his initial § 2255 motion, Konsavich stated his claims in general terms as follows:
    1. The conviction was obtained and/or sentence imposed in violation of the Fifth Amendment to the Constitution of the United States, specifically, Grand Jury guarantees, Equal Protection, and Due Process of Law.
    2. The conviction was obtained and/or sentence imposed in violation of the Sixth Amendment . . . , specifically, to be informed of the nature and cause of the accusation; to have compulsory process for obtaining witnesses in his favor; and to have [effective] Assistance of Counsel for his defense.
    3. The Sentence imposed was in excess of that allowed by Law . . . resulting in a Harsher Sentence to the Defendant.
(ECF No. 124-1, pp. 1-2.) In the body of his motion and in his response to the government's motion to dismiss, however, Konsavich asserted additional arguments, without ever making a clear list of all the claims he intended to bring. Fulfilling its obligation to construe liberally a pro se litigant's pleadings, the court parsed out and addressed the claims as it found appropriate from his submissions.
.

2

Cir. 2003), and summarily dismissed it. (Mem. Op. 4-6, Aug. 25, 2011.) Konsavich's appeal of this disposition is still pending.

In short, the court finds no ground in Konsavich's current submission by which he should escape dismissal of this action as successive under § 2255(h). A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 14th day of November, 2011.

_____
Chief United States District Judge

3