CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00019 |
| | ) | (CASE NO. 5:13CV80575) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| | ) | |
| MARK JAMES KONSAVICH, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Mark James Konsavich, a federal inmate proceeding pro se, filed a motion and attachments, which he styles as a "MOTION TO AMEND INITIAL PETITION PURSUANT TO RULE 15(C); MOTION PURSUANT TO 28 U.S.C. § 2255(f)(3); MOTION FOR SPECIFIC PERFORMANCE OF PLEA AGREEMENT." After review of Konsavich's allegations in these submissions, the court concludes that they must be construed, jointly, as a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, and summarily dismissed as successive.[1]

Court records indicate that Konsavich previously filed a § 2255 motion concerning this same conviction and sentence, United States v. Konsavich, Case No. 5:08CV80100 (W.D. Va. June 16, 2009), appeal dismissed, 361 Fed. App'x 474 (4th Cir. Jan. 19, 2010). In his current submission, Konsavich alleges a new claim, that his attorney provided ineffective assistance by failing to inform him, before a favorable plea offer expired, that the notice of intention to raise a public authority defense at trial had been denied as untimely and insufficient. As a result of counsel's errors in this regard, Konsavich claims, he lost the benefit of the plea bargain and was

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that defendant is not entitled to relief.

precluded from calling witnesses in support of his public authority defense at trial. Konsavich asserts that under Rule 15(c) of the Federal Rules of Civil Procedure, this claim relates back to other ineffective assistance claims he raised in his initial § 2255 motion, filed in 2008. Konsavich also asserts that his new claim relies on a recent Supreme Court decision, Laffler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (Mar. 21, 2012), and is timely filed under § 2255(f)(3) because he submitted it to the court within one year of that decision.[2]

Konsavich offers no authority, however, under which he is entitled to amend or reopen a closed § 2255 action in this manner, and the court finds none. On the contrary, it is well established that given the nature of Konsavich's submission, as an attempt to raise new claims attacking his underlying convictions, his self-styled "motions" must be construed and addressed, jointly, as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005);[3] Castro v. United States, 540 U.S. 375, 381-82 (2003).[4]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As the defendant offers no indication that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion,

---

[2] See § 2255(f)(3) (allowing consideration of § 2255 claim as timely filed if submitted within one year of date when the "right asserted was initially recognized by the Supreme Court . . . if that right has been . . . made retroactively applicable to cases on collateral review").

[3] Under Gonzales, a post-judgment motion, which seeks to advance one or more substantive claims following denial of a habeas petition, whether to add a claim purportedly omitted from the initial petition due to mistake or excusable neglect, or seeking to present newly discovered evidence, or seeking relief under a change in substantive law since the petition was denied, is properly classified as a "second or successive habeas petition" and dismissed as such. 545 U.S. at 531.

[4] The Supreme Court recognized in Castro that "[f]ederal courts [may] ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." 540 U.S. at 381-82 (omitting citations).

2

the court must dismiss his current action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 24th day of April, 2013.

/s/ Glen Conrad
Chief United States District Judge